IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On Briefs May 17, 2004 Session

## JEAN ANN TRUDEAU, ET AL. V. DEPT. OF LABOR AND WORKFORCE DEVELOPMENT FOR THE STATE OF TENNESSEE, ET AL.

### Appeal from the Chancery Court for Henry County
No. 19069　Ron E. Harmon, Chancellor

---

### No. W2003-01920-COA-R3-CV - Filed October 26, 2004

---

This is an age discrimination case. In October 2001, a thirty-seven year old woman interviewed for a job position at the defendant's Career Center. She was recommended for hire for the job. Subsequently, the defendant Career Center began accepting applications for a second job position, similar to the first. The forty-five year old aunt of the first applicant submitted an application for the second job position. The second job position was never filled. The forty-five year old job applicant filed a lawsuit, alleging that she was not hired due to age discrimination. The trial court granted summary judgment in favor of the Career Center. We affirm, finding that the forty-five year old applicant failed to establish a *prima facie* case of age discrimination.

**Tenn. R. App. 3; Judgment of the Chancery Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

James L. Harris, Nashville, for the appellant Jean Ann Trudeau

Paul G. Summers and Brandy M. Gagliano, Nashville, for the appellee the Dept. Of Workforce Development for the State of Tennessee

**OPINION**

Defendant/Appellee, the Department of Labor and Workforce for the State of Tennessee ("Dept. of Labor"), has an office in Paris, Tennessee, commonly referred to as the "Career Center." The Dept. of Labor's employees and other state and federal agencies provide employment-related services to Tennessee residents at the Career Center. District Manager Charles Brown ("Brown") supervises the employees at the Career Center.

In August 2001, the Career Center had a job opening for the position of Employment Security Interviewer 1 ("ESI 1") as a temporary, part-time position created to assist with heavy workloads. An ESI 1 works only when needed, no more than thirty hours a week, and must travel to other Department of Labor offices if the need arises.

In August 2001, Gala Matheny ("Matheny"), who was 37 years old, was informed by Mark Chandler, a Dept. of Labor employee, that the Career Center was looking to fill the position of ESI 1. By October 2, 2001, Chandler had received Matheny's completed application and submitted it to Brown for his consideration. Two days later on October 4, 2001, Brown and another Dept. of Labor employee, Edd Goodman, interviewed Matheny for the position of ESI 1. Later that day, Brown recommended to his supervisor that Matheny be hired for the job.

Shortly after Brown recommended Matheny, a second ESI 1 position became available at the Career Center. To fill this second position, Brown contacted Rex Smith, an employee with the federal Workforce Investment Act, and asked for his assistance in locating applicants for the position. Smith contacted Plaintiff/Appellant Jean Ann Trudeau ("Trudeau") and informed her that the employment office was accepting applications for a part-time clerical position. Trudeau was forty-five years old at the time, and is the aunt of Matheny, the thirty-seven year old applicant who had been recommended for hire for the first position of ESI 1. Trudeau submitted an application to Smith, dated October 17, 2001.

In November 2001, Matheny was hired for the position of ESI 1 with the Dept. of Labor. The second position of ESI 1 was never filled. Brown never conducted interviews for the second part-time position and never recommended any of the applicants. Trudeau was never contacted about her application.

On December 26, 2001, Trudeau filed this age discrimination action against the defendant Dept. of Labor under the Tennessee Human Rights Act ("THRA"). Trudeau claimed that her age, forty-five years old, placed her in a protected class under the statute, and that she was not hired for the position of ESI 1 because of her age.

Discovery ensued. In his deposition, Brown testified that on October 4, 2001, Matheny was the only applicant for the first job position of ESI 1. He testified that after Matheny was recommended to be hired, another ESI 1 position became available at the Career Center. Brown received eight applications, including Trudeau's, but he never interviewed any of the applicants. The position was never filled, because an anticipated increase in workload never materialized. In her deposition, Trudeau maintained that she and Matheny applied for the same job, but had no documentation or other evidence to support her belief.

On April 28, 2003, the Dept. of Labor filed a motion for summary judgment. The Dept. of Labor asserted that Trudeau could not establish a *prima facie* case of age discrimination because she had no evidence that she was rejected in favor of a substantially younger person. The Dept. of Labor asserted, *inter alia*, that Trudeau and Matheny applied for similar but different positions, and that

the job Trudeau applied for was never filled. The Dept. of Labor contended that when Brown interviewed and recommended Matheny for the position, Trudeau had not yet applied for the second job position of ESI 1. Therefore, Brown was unable to even consider Trudeau for the position filled by Matheny.

In opposition to the Dept. of Labor's motion for summary judgment, Trudeau asserted that whether she applied for the same job that Matheny later received was a question of fact and inappropriate for summary judgment. Trudeau maintained that the reason provided by the Dept. of Labor for its hiring decision relied on Brown's testimony and witness credibility should be reserved for the trier of fact. Trudeau claimed that she did not need to provide evidence that the Dept. of Labor's reason for its hiring decision was mere pretext in order to overcome its motion for summary judgment.

The trial court found no genuine issue of material fact and granted summary judgment in favor of the Dept. of Labor. From that order, Trudeau now appeals.

Trudeau raises two issues on appeal. First, Trudeau asserts that she has satisfied three elements of a *prima facie* age discrimination claim and the remaining element is a genuine issue of material fact. Trudeau maintains that the evidence presented proves she is a member of a protected class, she was qualified for the position in question, and was denied the position in favor of someone eight years younger. Trudeau contends that the remaining element, whether she and Matheny applied for the same position, is a genuine issue of material fact rendering the case inappropriate for summary judgment. Second, Trudeau asserts that she is not required to prove that the Dept. of Labor's proffered reason for its hiring decision is mere pretext in order to overcome its motion for summary judgment.

We review the trial court's grant of summary judgment *de novo* with no presumption of correctness. **Warren v. Estate**, 954 S.W.2d 722, 723 (Tenn. 1997). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We "must view the evidence in the light most favorable to the nonmoving party," giving that party the benefit of all reasonable inferences. **Warren**, 954 S.W.2d at 723 (quoting **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997)).

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial. **Byrd v. Hall**, 847 S.W.2d 208, 211 (Tenn. 1993).

Unless the facts and legal conclusions drawn from the facts reasonably permit only one conclusion, summary judgment is inappropriate. *Carvel v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

Under the THRA, section 4-21-401 of the Tennessee Code Annotated, "[i]t is a discriminatory practice for an employer to . . . [f]ail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's . . . age." Tenn. Code Ann. § 4-21-401 (1998). The Tennessee statute notes that "[i]t is the purpose and intent of the general assembly by this chapter to "[p]rovide for execution within Tennessee of the policies embodied in the federal Civil Rights Acts of 1964, 1968, and 1972 and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended." Tenn. Code Ann. § 4-21-101 (1998).

Under these federal statutes, a plaintiff can establish a *prima facie* case of employment discrimination by two methods. By the first method, the plaintiff provides direct, statistical, or circumstantial evidence that the unlawful discrimination was the motivating factor in the employer's decision. *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1180 (6th Cir. 1983); *see Stanojev v. Ebasco Services, Inc.*, 643 F.2d 914, 920 (2d Cir. 1981). By the second method, the plaintiff relies on the framework established by the United States Supreme Court in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *McDonnell Douglas* addressed racial discrimination, but a modified version of its framework has been applied to age discrimination claims brought under the ADEA and the THRA. *Moore v. Nashville Elec. Pwr. Bd.*, 72 S.W.3d 643, 651-52 (Tenn. Ct. App. 2001) (citing *Cooley v. Carmike Cinemas, Inc.*, 25 F.3d 1325, 1328-30 (6th Cir. 1994). Under this framework, to establish a *prima facie* case of age discrimination for failure to hire, a plaintiff must prove that: "(1) she was a member of the protected class" (at least 40 years old); "(2) she applied for and was qualified for the position" in question; "(3) she was considered for and denied the position; and (4) she was rejected in favor" of a substantially younger person with similar qualification. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998); *Betkerur v. Aultman Hospital Assoc.*, 78 F.3d 1079, 1095 (6th Cir. 1996). If, and only if, the plaintiff establishes a *prima facie* case, then the defendant must proffer a legitimate, nondiscriminatory reason for its actions. If the defendant does so, the plaintiff must rebut this with evidence that the asserted nondiscriminatory reason is mere pretext for discrimination. *Bush*, 161 F.3d at 369.

In this case, Trudeau does not purport to have any direct evidence to support her claim. Instead, she relies on the *McDonnell Douglas* framework to establish her *prima facie* case of age discrimination. Therefore, she maintains that she was rejected for the job position in question in favor of a substantially younger person. Trudeau asserts that she, at forty-five years old, was rejected in favor of her niece, Matheny, who was thirty-seven years old. However, it is undisputed that on October 4, 2001, Matheny was interviewed and recommended for the position of ESI 1 with the Dept. of Labor. Thereafter, the defendant began to seek applicants for a second job position of ESI 1. On October 17, 2001, Trudeau and seven other individuals submitted applications for the second position, which was never filled. In November 2001, Matheny was offered the first position of ESI 1.

Based on these undisputed facts, it is clear that Matheny and Trudeau applied for different jobs. Matheny was interviewed and recommended for hire for the first position before Trudeau even applied for the second position. Trudeau alleges that she is similarly situated to Matheny, but proffers no evidence that she and Matheny applied for the same job. In order to create a genuine issue of fact to overcome the defendant's motion for summary judgment, Trudeau must offer more than conclusory allegations. This she has failed to do.

Since Trudeau has failed to proffer evidence to establish a *prima facie* case of age discrimination, we must conclude that the trial court did not err in granting summary judgment in favor of the defendant Dept. of Labor.

The decision of the trial court is affirmed. Costs on appeal are to be taxed to Appellant Jean Ann Trudeau, and her surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE